NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

ANNE P. MULLIGAN, )
)  Supreme Court No. S-18089
                    Appellant, )
)  Superior Court No. 3AN-19-07393 CI
          v.        )
)  MEMORANDUM OPINION
GALEN HOSPITAL ALASKA INC., )      AND JUDGMENT*
d/b/a ALASKA REGIONAL HOSPITAL, )
)  No. 1941 – December 28, 2022
                    Appellee. )
)

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Jennifer H. Henderson, Judge.

Appearances: Anne P. Mulligan, pro se, Anchorage, Appellant. Chester D. Gilmore and Selena R. Hopkins-Kendall, Cashion Gilmore & Lindemuth, Anchorage, for Appellee.

Before: Winfree, Chief Justice, Maassen and Borghesan, Justices. [Carney and Henderson, Justices, not participating.]

## I.    INTRODUCTION

A hospital reported a woman to law enforcement after receiving threatening calls from her phone number. The woman sued the hospital, alleging that it illegally accessed her medical records in order to find her phone number, invaded her privacy by recording her on security cameras, and defamed her by reporting her to the police. The

---

\*      Entered under Alaska Appellate Rule 214.

superior court granted summary judgment for the hospital, and the woman appeals.  We see no error and affirm.

## II.    BACKGROUND

Anne Mulligan was seen at Alaska Regional Hospital on July 10, 2018. The next day hospital security personnel reported to the Anchorage Police Department (APD) that the hospital had received two harassing calls from Mulligan's phone number.

Alaska Regional received two more calls from Mulligan's phone number on July 12; on the second call the caller threatened to blow up the hospital building. Alaska Regional again contacted APD, and Mulligan was charged with attempted terroristic threatening in the second degree.[1]

Mulligan filed suit against Alaska Regional, and the court ultimately construed her complaint as containing three claims:  (1) violation of HIPAA[2] by unlawfully accessing her medical records to find her phone number; (2) violation of her right to privacy by capturing images of her on hospital security cameras; and (3) defamation based on the hospital's reports to APD.[3]

Alaska Regional moved for summary judgment, providing as support the affidavit of its Director of Patient Safety and Risk Management and a variety of supporting documents, including a timeline of relevant events and Mulligan's subpoenaed phone records.  The court granted summary judgment to the hospital on all three of Mulligan's claims.  Mulligan appeals.

---

[1]     *See* AS 11.56.810.

[2]     Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936 (codified as amended in scattered sections of 18, 26, 29, and 42 U.S.C.).

[3]     Mulligan has not disputed this characterization of her complaint.

## III.    DISCUSSION

"We review a grant of summary judgment de novo and will affirm the judgment if there are no contested issues of material fact and if the moving party is entitled to judgment as a matter of law."[4]  "We apply a more lenient standard to pro se litigants."[5]  But to avoid waiver, "a pro se litigant's briefing must allow his or her opponent and this court to discern the pro se's legal argument.  Even a pro se litigant . . . must cite authority and provide a legal theory."[6]

Even under our "more lenient standard," Mulligan's brief provides no reason for us to reverse the superior court's grant of summary judgment on any of her three claims.  First, "HIPAA regulations do not confer a private right of action on an individual."[7] The superior court properly granted summary judgment to Alaska Regional on Mulligan's HIPAA claim.[8]

---

[4]    *Dunleavy v. Alaska Legis. Council*, 498 P.3d 608, 612 (Alaska 2021) (quoting *Alaskans for a Common Language, Inc. v. Kritz*, 170 P.3d 183, 189 (Alaska 2007)).

[5]    *Wright v. Anding*, 390 P.3d 1162, 1169 (Alaska 2017) (quoting *Casciola v. F.S. Air Serv., Inc.*, 120 P.3d 1059, 1062-63 (Alaska 2005)).

[6]    *Id.* (quoting *Casciola*, 120 P.3d at 1063) (alteration in original).

[7]    *Id.* at 1168 n.12 (citing *Want v. Express Scripts, Inc.*, 862 F. Supp. 2d 14, 19 (D.D.C. 2012); *Doe v. Rankin Med. Ctr.*, 195 So. 3d 705, 713 (Miss. 2016)).

[8]    Besides the lack of an individual remedy, HIPAA expressly permits a covered entity to "disclose to a law enforcement official protected health information that the covered entity believes in good faith constitutes evidence of criminal conduct that occurred on the premises of the covered entity."  45 C.F.R. 164.512(f)(5) (2016).  The hospital risk management director's affidavit, which was undisputed, asserted a good faith basis to believe that Mulligan's phone number and identity were evidence that she made a bomb threat.  If Mulligan's phone number was indeed taken from her confidential

(continued...)

Second, the superior court granted summary judgment on Mulligan's privacy right claim because of her written consent, as a patient, to "the hospital's right to use security cameras" and to "photographs, video, digital or audio recordings, and/or images of [her] being recorded for . . . security purposes." Mulligan does not dispute that she gave this consent or that it is dispositive.[9]

Third, the superior court identified a number of fatal deficiencies in Mulligan's defamation claim. One essential element requires proof of an unprivileged publication to a third party.[10] In concluding that Mulligan's claim failed to satisfy this element, the superior court cited common law privileges applicable to the institution of judicial proceedings.[11] Mulligan does not address the superior court's privilege analysis

---

[8]     (...continued)
medical records as she claims (though her number does not actually appear on the pages she contends were unlawfully accessed), the HIPAA disclosure exception would seem to apply, as noted by the superior court.

[9]     *See Richardson v. Mun. of Anchorage*, 360 P.3d 79, 91 (Alaska 2015) (holding that where self-represented litigant "neither addresse[d] nor mention[ed]" a particular argument on appeal, that argument was waived).

[10]     *State v. Carpenter*, 171 P.3d 41, 51 (Alaska 2007) ("The elements of a defamation claim are: (1) a false and defamatory statement; (2) unprivileged publication to a third party; (3) fault amounting at least to negligence; and (4) either per se actionability or special damages.").

[11]     *See* RESTATEMENT (SECOND) OF TORTS § 587 (AM. L. INST. 1977) (providing that parties are "absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding"); *id.* § 588 (according same privilege to witnesses); *Lawson v. Helmer*, 77 P.3d 724, 727-28 (Alaska 2003) (recognizing both Restatement privileges). We note a possibly more relevant common law privilege defined in Restatement § 598, "Communication to One Who May Act in the Public Interest": "An occasion makes a publication conditionally privileged if the circumstances induce a correct or reasonable belief that (a) there is
(continued...)

in her brief and has therefore waived the issue on appeal.[12]

## IV.    CONCLUSION

The superior court's grant of summary judgment is AFFIRMED.[13]

---

[11]    (...continued)
information that affects a sufficiently important public interest, and (b) the public interest requires the communication of the defamatory matter to a public officer . . . if the defamatory matter is true."  Mulligan does not brief any privilege issues.

[12]    *See Cornelison v. TIG Ins.*, 376 P.3d 1255, 1276 (Alaska 2016) (holding that self-represented litigant waived appeal of adverse ruling on defamation claim by "fail[ing] to advance any argument that the superior court's privilege analysis . . . was incorrect").

[13]    Mulligan makes a number of other factual allegations in her brief that we do not discuss, including:  that she asked to consult with a social worker during her July 10 hospital visit; that she was injured during an arrest in April 2017 and reinjured during her arrest for the 2018 bomb threat; and that the information charging her with the crime contained inconsistencies in the relevant dates. None of these allegations are relevant to her complaint against Alaska Regional or the superior court's summary judgment decision.